# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-666V

|  |  |
|---|---|
| ANITA KLIEBERT,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 2, 2025 |

*Ramon Rodriguez, III*, Siri & Blimstad LLP, Richmond, VA, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION DISMISSING CLAIM**[1]

On January 12, 2021, Anita Kliebert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on September 5, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 25, 2025, I dismissed Petitioner's SIRVA Table case for failure to establish that her shoulder pain occurred within 48 hours of her vaccination, as required to establish a SIRVA Table claim. In addition, I found that the evidence strongly was

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unsupportive of any causation-in-fact claim as well, and therefore ordered Petitioner to Show Cause why the matter should not be dismissed in its entirety. ECF No. 75.

On October 2, 2025, Petitioner moved for a decision dismissing her case, stating that the Court "has demonstrated to Petitioner that it is unlikely she would prove entitlement to compensation in an off-table vaccine injury claim…." ECF No. 77. Petitioner further states that she understand that a "dismissal of this case will be with prejudice, will result in a final judgement… and that such judgment will end all her rights in the Vaccine Program for the instant vaccine injury claim." *Id.* at 1-2.

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3). To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). But examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." And the same record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, a petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

IT IS SO ORDERED.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.